UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-00108-BR

| | |
|---|---|
| CECELIA D. WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| NC DEPARTMENT OF STATE ) | |
| TREASUER RETIREMENT SYSTEMS ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the motion to dismiss filed by defendant North Carolina Department of State Treasurer, Retirement Systems Division ("DST"). (DE # 11.) Also before the court is plaintiff Cecilia Walton's ("plaintiff") motion for preliminary injunction. (DE # 17.) The issues raised have been fully briefed and are now ripe for disposition.

## I. BACKGROUND

Plaintiff was terminated from her position with the North Carolina Department of Health and Human Services ("DHHS") in 2016. (Compl., DE # 6, at 4.) Following her termination, plaintiff was employed in a temporary position in the DST between February and August 2016. (Id. at 2.) At the time of her termination, plaintiff believed that Temporary Solutions was her employer. (Id. at 4.) Plaintiff later discovered that her employer was "actually DHHS, who fired [her] just 5 months prior."[1] (Id.)

---

[1] Plaintiff has filed a separate suit in this court against DHHS. See Walton v. North Carolina Department of Health and Human Services, 5:17-CV-00085-BR.

On 1 March 2017, plaintiff filed a motion for leave to proceed *in forma pauperis* and a proposed complaint in this court. (DE # 1.) On 8 March 2017, Magistrate Judge Robert T. Numbers, II granted plaintiff leave to proceed *in forma pauperis* and found plaintiff's complaint survived review under 28 U.S.C. § 1915e(2). (DE # 5.) Thereafter, plaintiff's complaint was filed. (DE # 6.)

In her complaint, plaintiff alleges discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (DE # 6, at 3.) Specifically, plaintiff alleges as discriminatory acts: "[f]ailure to employ me[,] termination of employment (temporary assignment)[,] general harassment[,] workplace violence (stalking)[,] defamation of character[,] and retaliation for opposing discriminatory acts." (Id.)

## II. STANDARDS OF REVIEW

DST moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (DE # 11.) DST also moves for dismissal under Federal Rule of Civil Procedure 12(b)(2), which concerns personal jurisdiction, and Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), which concern insufficient process and service of process. (Id.)

### A. Rules 12(b)(2), 12(b)(4), and 12(b)(5)

When a defendant challenges the court's personal jurisdiction pursuant to Rule 12(b)(2), "the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Consulting Eng's Corp. v. Geometric Ltd., 561 F.3d 273, 276 (4th Cir. 2009). Similarly, when a defendant moves to dismiss under Rules 12(b)(4) or 12(b)(5), the plaintiff bears the burden of establishing the validity of service of

process. Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Failure to properly serve a defendant prevents a court from obtaining personal jurisdiction over the defendant and entitles the defendant to dismissal under Rule 12(b)(2)." Fordham v. Doe, No. 4:11-CV-32-D, 2011 WL 5024352, at *3 (E.D.N.C. Oct. 20, 2011) (citation omitted).

**B. Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Nemet v. Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). Although the court is required to liberally construe *pro se* complaints, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the court "need not overlook a clear failing to provide factual enhancement in support of a particular claim that would cause the Court to conclude it is facially plausible," Joyner v. Poole, No. 4:14-CV-208-BO, 2015 WL 1179492, at *2 (E.D.N.C. Mar. 13, 2015) (citing Iqbal, 556 U.S. at 678).

## III. ANALYSIS

### A. Motion to Dismiss

#### 1. Validity of Service of Process

DST contends that plaintiff's complaint should be dismissed because plaintiff failed to follow the requirements set forth in Rule 4(j)(2) of the Federal Rules of Civil Procedure for service on a state-created governmental organization. (Def.'s Supp. Mem., DE # 12, at 5-6.)

Pursuant to Rule 4(j)(2), service on a state agency can be perfected in one of two ways. First, a plaintiff can deliver[] a copy of the summons and of the complaint to its chief executive officer." Fed. R. Civ. P. 4(j)(2). Second, a plaintiff can complete service "in the manner prescribed by the state's law for serving a summons or like process on such defendant." Id. Under North Carolina law, a plaintiff may serve a state agency by delivering a copy of the summons and complaint to the agency's appointed process agent personally, by certified mail, or by registered mail. N.C. Gen. Stat. § 1A-1, R. Civ. P. 4(j)(4). A plaintiff can also effect service by depositing the summons and complaint with a designated delivery service, addressed to the appointed agent, and obtaining a delivery receipt. Id. Absent designation of an agent, Rule 4(j)(4) requires delivery of process to the Attorney General of North Carolina. N.C. Gen. Stat. § 1A-1, R. Civ. P. 4(j)(4).

Here, the summons presented by plaintiff was addressed to "NC State Treasurer Retirement Systems Division." (DE # 9.) The summons and complaint were neither served upon the chief executive officer for DST, nor were they served on a designated process agent. As a result, plaintiff failed to properly effect service upon DST in accordance with Rule 4(j)(2).

## 2. Sufficiency of Complaint

DST also argues that dismissal is appropriate because the allegations in plaintiff's complaint fail to show that there was an employment relationship between plaintiff and DST. (Def.'s Supp. Mem., DE # 12, at 3.) Title VII and the ADEA impose liability only on a plaintiff's employer. See 42 U.S.C. § 2000e-2(a) (making it unlawful "for an employer" to discriminate against an employee based on sex); 29 U.S.C. § 623(a) (making it "unlawful for an employer" to discriminate against any individual "because of such individual's age"); see also Garrett v. Phillips Mills, Inc., 721 F.2d 979, 980 (4th Cir. 1983) (interpreting the ADEA to mean that an "individual" only has a cause of action under the ADEA if he is an "employee" of the defendant at the time of his termination). "To establish that the defendant is her employer, a plaintiff must show that the defendant meets the statutory definition of employer *and* that an employer-employee relationship existed between herself and the defendant." Mullis v. Mechanics & Farmers Bank, 994 F. Supp. 680, 684 (M.D.N.C. 1997) (emphasis added) (footnote omitted).

In her complaint, plaintiff alleges that her temporary assignment "abruptly ended on 8-5-2016 after [she] reported harassment, perceived stalking by coworkers, domestic violence situation, and reassignment consideration on 7-11-2016 to [her] presumed employer, Temporary Solutions." (Compl., DE # 6, at 4.) Plaintiff further alleges that she sought "reassignment consideration on 7-11-2016 to [her] presumed employer, Temporary Solutions." (Id.) Relying on these allegations, DST argues that plaintiff's complaint makes clear that it was Temporary Solutions, and not DST, who was her employer. (Def.'s Supp. Mem., DE # 12, at 3.) In her response in opposition, plaintiff clarifies the facts in her complaint and reiterates that Temporary Solutions was not her employer during the five-month period she was assigned to work at DST.

(Pl.'s Resp., DE # 15, at 4.) She also requests an opportunity to amend her complaint to assert additional facts about her employment with DHHS, noting that "unbeknownst to [her]" she was "reinstated during the first quarter of 2016 . . . to her former employer, [DST]." (Id.)

Based on the arguments presented in her response in opposition, plaintiff appears to assert that she was jointly employed by DHHS and DST. (See id. at 3 (identifying "the employer" as "Defendant and DHHS").) "Joint employment allows a defendant that doesn't fit into the 'conventional' employer status to be held liable under federal employment statutes like the ADA and [Title VII] if such defendant controls 'some aspect of an individual's compensation, terms, conditions, or privileges of employment.'" Miller v. Ingles, No. CIV. 1:09CV200, 2009 WL 4325218, at *7 (W.D.N.C. Nov. 24, 2009) (citing Evans v. Wilkinson, 609 F. Supp. 2d 489, n.5 (D. Md. 2009); see also Garrett, 721 F.2d at 982 (listing several factors to be considered in determining whether a plaintiff has demonstrated an employee-employer relationship, and noting that control is "the most important factor to be considered"). Here, plaintiff's complaint does not contain any allegations demonstrating that DST exercised control over any aspect of her employment. For instance, plaintiff does not allege that DST had any involvement in her hiring, firing, compensation, or the handling of her work assignments and complaints. Because the complaint is devoid of any allegations demonstrating an employment relationship between plaintiff and DST, her discrimination claims under Title VII and the ADEA must be dismissed. See Miller, 2009 WL 4325218 at *7 (dismissing *pro se* plaintiff's ADA and ADEA claims against certain defendants because plaintiff did not allege sufficient facts showing an employer-employee relationship between himself and the defendants).

Plaintiff requests an opportunity to amend her complaint to add allegations about her employment with DHHS. (Pl.'s Resp., DE # 15, at 3.) Plaintiff's proposed amendments would be futile because the court has already determined that plaintiff has failed to allege that she had an employment relationship with DST, the named defendant in this action. Therefore, the court will not permit the proposed amendments to the complaint.

**B. Motion for Preliminary Injunction**

Plaintiff moves for a preliminary injunction prohibiting DST from providing "false, negative references with regards to [p]laintiff to [her] perspective [sic] employers." (Pl.'s Mot., DE # 17, at 2.) The purpose of a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003). In order to obtain a preliminary injunction, a movant must establish the following: (1) there is a likelihood of success on the merits; (2) there is a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The movant "bears the burden of establishing that each of these factors supports granting the injunction." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991).

Given that the court has found that plaintiff has failed to state a claim for employment discrimination under either Title VII or the ADEA, plaintiff has not met her burden of demonstrating the likelihood of success on the merits. See Dewhurst v. Century Aluminum, Co., 649 F.3d 287, 293 (4th Cir. 2011) (stating that a plaintiff seeking a preliminary injunction must "make a clear showing" of likelihood of success on the merits (citing Winter, 555 U.S. at 22)).

Because plaintiff has not shown that she is entitled to preliminary relief, her motion for preliminary injunction must be denied.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for preliminary injunction, (DE # 17), is DENIED. DST's motion to dismiss, (DE # 11), is GRANTED. The Clerk is DIRECTED to enter judgment in favor of the DST and close this case.

This 27 February 2018.

W. Earl Britt
Senior U.S. District Judge